983 F.2d 1071
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David J. VIROVEC, Petitioner,
Maria D. Magana Virovec, Petitioner-Appellant,
Donald J. Prohaska, Petitioner-Appellant,
Sally A. Prohaska, Petitioner,
Steven J. Prohaska, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 91-2182, 91-2183 and 91-2185.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1992.
 
 Before MILBURN and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 These pro se taxpayers appeal the tax court's decisions upholding the Commissioner's assessments of negligence and overvaluation penalties based on petitioners' participation in a tax shelter scheme. The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After receiving notices of deficiency and additions to tax, taxpayers filed timely petitions for redetermination in the tax court. During tax court proceedings, taxpayers stipulated that the only issue before the court was whether the imposition of a negligence penalty under 26 U.S.C. § 6653 was proper. The tax court determined in each case that the taxpayers failed to demonstrate that the imposition of a negligence penalty was improper. Decisions were entered in favor of the Commissioner.
 
 
 3
 Upon review, we conclude that the tax court's findings that taxpayers were negligent were not clearly erroneous. See Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir.1992).
 
 
 4
 The tax court found that taxpayers in the present appeals were negligent because they did not seek an independent evaluation of the investment opportunity in master recordings which underlies the Commissioner's deficiency assessments. Taxpayers relied solely on the advice of James Prohaska ("Prohaska"), an accountant and vice president of finance for a real estate development company. Appellant Maria Virovec (No. 91-2182) is Prohaska's secretary; appellants Donald and Steven Prohaska (Nos. 91-2183 and 91-2185) are Prohaska's brothers.
 
 
 5
 Taxpayers maintain that they acted reasonably when they relied on Prohaska's advice because they are unsophisticated investors and Prohaska is their financial advisor. Taxpayers seek support for their argument in a Fifth Circuit case, Heasley v. Commissioner, 902 F.2d 380 (5th Cir.1990). It was determined in Heasley that unsophisticated, moderate-income investors exercise reasonable care by reading pertinent portions of a prospectus and having their advisors explain the rest. Id. at 383-84. However, taxpayers' circumstances may be distinguished from those found in Heasley. Unlike the investors in Heasley, these taxpayers made no independent review of the prospectus or any other documentation prior to investing in the tax shelter scheme. Each testified that he or she learned of the investment scheme through conversations with Prohaska and relied solely on Prohaska's advice.
 
 
 6
 Moreover, taxpayers did not act reasonably when they relied on Prohaska's advice. Generally, good faith reliance on professional advice is a defense to the imposition of a negligence penalty. See Howard v. Commissioner, 931 F.2d 578, 582 (9th Cir.1991). However, taxpayers do not act reasonably if they rely on an advisor who lacks firsthand knowledge of the venture. See Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir.1988). It is undisputed that Prohaska lacked prior experience in investments involving master recordings. The tax court's finding that Prohaska is not a knowledgeable or experienced advisor is not clearly erroneous. See Leuhsler, 963 F.2d at 910.
 
 
 7
 Finally, taxpayers argue that the impositions of penalties for overvaluation were improper. However, taxpayers stipulated before trial that the only unresolved issue in each case concerned the imposition of the negligence penalty. Taxpayers have not presented compelling reasons to set aside the stipulations. See id. at 911.
 
 
 8
 Accordingly, the tax court's decisions upholding the assessment of penalties are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.